# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# Civil Division

| | |
|---|---|
| CAROL CLARK-KUTSCHER, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| SSM HEALTH CARE CORPORATION, | ) |
| 10101 Woodfield Lane, | ) |
| St. Louis, MO 63132, | ) Civil Action No. 3:21-cv-01446 |
| Serve Registered Agent: | ) |
| CT CORPORATION SYSTEM, | ) |
| 120 S. Central Ave. | ) |
| Clayton, MO 63105, | ) |
| *Defendant*, | ) |

## FIRST AMENDED CIVIL COMPLAINT FOR EQUITABLE AND MONETARY RELIEF AND DEMAND FOR JURY

Plaintiff Carol Clark-Kutscher, by and through counsel, files this civil complaint and demand for jury trial against Defendant SSM Health Care Corporation, d/b/a SSM Health (SSM), for retaliation in violation of the 31 U.S.C. § 3730(h) of the False Claims Act, (FCA), and retaliation in violation of Section 20 of the Illinois Whistleblower Act, 740 ILCS 174/20, discrimination based on age in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101.1, and discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq*. (ADEA).

## JURISDICTION AND VENUE

1. This Court has personal jurisdiction over Defendant because it has substantial business contacts with and conducts business in the Southern District of Illinois.

1

2.      This Court has subject matter jurisdiction over the claims in this complaint pursuant to 28 U.S.C. § 1331 because this is an action arising under the laws of United States, specifically the False Claims Act. This Court has supplemental jurisdiction over the claims in this complaint pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this Court because it is the judicial district where the relevant events took place.

## PARTIES

4.      Plaintiff Carol Clark-Kutscher is a resident of Christopher, Illinois and worked as a nurse practitioner of palliative care at SSM until her illegal termination on or about October 9, 2020.

5.      Defendant SSM Health Care Corporation is a Missouri corporation with its headquarters at 10101 Woodfield Lane, St. Louis, Missouri, 63132, and that conducts business at SSM Health Good Samaritan Hospital located at 1 Good Samaritan Way, Mt. Vernon, IL 62864.

## FACTUAL ALLEGATIONS

6.      Clark-Kutscher is a 61-year-old female living in Christopher, Illinois.

7.      SSM hired Clark-Kutscher to be a nurse practitioner (NP) on or about April 1, 2019, at SSM Health Good Samaritan Hospital located at 1 Good Samaritan Way, Mt. Vernon, IL 62864, where Clark-Kutscher worked in the intensive care unit with critically ill patients.

8.      As an NP, Clark-Kutscher, among other things, diagnoses patients, interprets laboratory results, and writes prescriptions. Clark-Kutscher was required to bill services to Medicare, and her Medicare billing was central to the way SSM generates revenue.

9.      SSM assigned a coder, Debra Wilkins, who was trained on proper billing practices to Clark-Kutscher due to the importance of her Medicare billing. Ms. Wilkins' role was

to assist Clark-Kutscher with her billing and to ensure compliance with Medicare billing regulations, such as by maintaining detailed billing notes. Clark-Kutscher was the only NP at SSM who billed Medicare for palliative care.

10. In or about March 2020, SSM rated Clark-Kutscher as "exceeds expectations" in her first performance review.

11. Clark-Kutscher's supervisor changed to Heather Turner in or about April 2020. Ms. Turner has a master's degree in social work but does not have any clinical experience.

12. After the COVID-19 outbreak, Clark-Kutscher's main role became handling advance directives, which involves explaining likely outcomes to family members of SSM patients and helping families make complex, end-of-life decisions, such as whether to keep a patient on a ventilator, keeping the patient comfortable in their final days, and whether to discontinue life support. Advance directives are a free service that cannot be billed to Medicare.

13. Despite advance directives being a free service, SSM, through its agent, Ms. Turner, insisted that Clark-Kutscher bill Medicare for advance directives. Clark-Kutscher attempted to follow Ms. Turner's instruction; however, Ms. Wilkins recognized that such billing practices violated Medicare guidelines and instructed Clark-Kutscher to stop the improper and illegal Medicare billing.

14. SSM did not have enough personal protective equipment (PPE) for Clark-Kutscher to perform consultations with COVID-19 infected patients in or about March 2020. PPE was so scarce at SSM that employees were wearing the same masks for 15 consecutive weeks because SSM announced that it did not want to waste PPE on anyone who was not a doctor of a specific patient.

15. For Clark-Kutscher to perform a consultation with a patient, she had to be able to

physically touch the patient. This meant that Clark-Kutscher had to check patient vitals. Hence touching the patient was required. Nevertheless Ms. Turner instructed Clark-Kutscher to perform consultations with COVID-19 patients over the phone as SSM did not have enough PPE for Clark-Kutscher to do so in person. Ms. Wilkins informed Clark-Kutscher that she was unable to substitute a phone call for the required personal contact for consultations. To avoid confusion with Clark-Kutscher's billing, Ms. Wilkins and Clark-Kutscher decided that Clark-Kutscher would write messages in her billing notes, such as "no face-to-face," so that Ms. Wilkins would know not to bill for that service.

16. During a meeting in May 2020, SSM determined that its providers needed to perform more Medicare consultations. Becky Shaw, a nurse who was not in Clark-Kutscher's supervisory chain, instructed Clark-Kutscher to begin documenting interactions with Medicare patients as consultations. Clark-Kutscher responded that to do so would constitute Medicare fraud. Ms. Turner then instructed that Clark-Kutscher should bill for advance directives, and Clark-Kutscher told Ms. Turner that if she could find a way for Clark-Kutscher to legally bill Medicare for the service she would do so.

17. Ms. Turner also instructed Clark-Kutscher to bill Medicare for progress notes for advance directives, but Clark-Kutscher refused because doing so would violate Medicare billing regulations.

18. Between May and October 2020, Ms. Turner instructed Clark-Kutscher to improperly bill Medicare six or seven times. Each time Ms. Turner instructed Clark-Kutscher to fraudulently bill, Clark-Kutscher refused and forwarded the email to Ms. Wilkins.

19. In response, Ms. Turner issued Clark-Kutscher a pretextual corrective action on or about September 24, 2020, and on or about October 9, 2020, SSM issued Clark-Kutscher a final

4

corrective action and terminated Clark-Kutscher's employment.

20. When SSM terminated Clark-Kutscher's employment, Ms. Turner alleged that there were anonymous complaints regarding Clark-Kutscher's performance. However, when Clark-Kutscher asked for an example of a complaint, Ms. Turner refused to provide any.

21. Clark-Kutscher responded that to bill a consultation without seeing a patient in person constituted Medicare fraud, and Christy Carroll, a SSM human resources representative from SSM's headquarters in St. Louis, yelled in response, "don't ever say those words again," and told Clark-Kutscher that she was "the most despicable person" Ms. Carroll had ever met. Ms. Carroll then followed Clark-Kutscher to her office to collect her belongings and escorted her from the building.

22. After Clark-Kutscher's termination, she was replaced by a younger NP who had just graduated from school and has little experience.

23. As the result of SSM's illegal actions, Clark-Kutscher has sustained mental anguish and economic damages, and she will continue to sustain damages into the future.

## COUNT I
### Retaliation in Violation of the
### False Claims Act
### 3730(h), *et seq*.

24. Clark-Kutscher incorporates the allegations in the foregoing paragraphs as though alleged herein.

25. At all relevant times, 31 U.S.C. § 3730(h) of the False Claims Act was in full force and effect.

26. Clark-Kutscher is an "employee" as the term is defined under 31 U.S.C. § 3730(h).

27. SSM retaliated against Clark-Kutscher when it terminated her employment.

28. SSM violated 31 U.S.C. § 3730(h) by terminating Clark-Kutscher because of her lawful objection to billing Medicare for nonbillable services.

29. The reasons for terminating Clark-Kutscher's employment are false and are pretext for unlawful retaliation.

30. Clark-Kutscher has suffered damages as a result of SSM's unlawful actions.

31. For SSM's unlawful discrimination against Clark-Kutscher, she is entitled to such legal or equitable relief as will effectuate the purposes of the False Claims Act, including, but not limited to, reinstatement, two times the amount of back pay, interest on back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorney's fees.

## COUNT II
### Retaliation in Violation of
### Section 20 of the Illinois Whistleblower Act
### 740 ILCS 174/20

32. Clark-Kutscher incorporates the allegations in the foregoing paragraphs as though alleged herein.

33. At all relevant times, Section 20 of the Illinois Whistleblower Act was in full force and effect.

34. Clark-Kutscher is an "employee" as the term is defined under Section 5 of the Illinois Whistleblower Act.

35. SSM retaliated against Clark-Kutscher when it terminated her employment.

36. SSM violated 740 ILCS 174/20 by terminating Clark-Kutscher because of her lawful objection to billing Medicare for nonbillable services.

37. The reasons for terminating Clark-Kutscher's employment are false and are pretext for unlawful retaliation.

38. SSM retaliated against Clark-Kutscher because of her protected conduct when it terminated her employment when she refused to bill advance directives to Medicare.

39. Clark-Kutscher has suffered damages as a result of SSM's unlawful actions.

40. For SSM's unlawful discrimination against Clark-Kutscher, she is entitled to such legal or equitable relief as will effectuate the purposes of the Illinois Whistleblower Act, including, but not limited to, reinstatement, back pay, actual damages, attorney's fees, and litigation costs.

## COUNT III
### Age Discrimination in Employment Act
### 29 U.S.C. § 621, *et seq.*

41. Clark-Kutscher incorporates the allegations in the foregoing paragraphs as though alleged herein.

42. At all relevant times, 29 U.S.C. § 621, *et seq.*, was in full force and effect.

43. Clark-Kutscher is an "employee" as the term is defined at 29 U.S.C. § 630(f).

44. Clark-Kutscher is a member of a protected class as a 61-year-old employee under the ADEA.

45. SSM is an "employer" as the term is defined at 29 U.S.C. § 630(b).

46. SSM violated 29 U.S.C. § 621, *et seq.*, by terminating Clark-Kutscher because of her age.

47. The reasons for terminating Clark-Kutscher's employment are false and are pretext for unlawful discrimination.

48. SSM discriminated against Clark-Kutscher because of her age when it terminated her employment for purported performance deficiencies and replaced her with a younger and less qualified person.

7

49. Clark-Kutscher has suffered damages as a result of SSM's unlawful actions.

50. For SSM's unlawful discrimination against Clark-Kutscher, she is entitled to such legal or equitable relief as will effectuate the purposes of the ADEA, including reinstatement, lost wages, front and back pay, and reasonable attorney's fees.

## COUNT IV
### Discrimination in violation of the
### Illinois Human Rights Act
### 775 ILCS 5/1-101.1
### Discrimination Based on Age

51. Clark-Kutscher incorporates the allegations in the foregoing paragraphs as though alleged herein.

52. At all relevant times, section 775 ILCS 5/1-101.1 of the Illinois Human Rights Act was in full force and effect.

53. Clark-Kutscher is an "employee" as the term is defined at 775 ILCS 5/2(a)(1).

54. Clark-Kutscher is a member of a protected class as a 61-year-old employee under the Illinois Human Rights Act.

55. SSM is an "employer" as the term is defined at 775 ILCS 5/2(b)(1).

56. SSM violated the Illinois Human Rights Act by terminating Clark-Kutscher because of her age.

57. The reasons for terminating Clark-Kutscher's employment are false and are pretext for unlawful discrimination.

58. SSM discriminated against Clark-Kutscher because of her age when it terminated her employment for purported performance deficiencies and replaced her with a younger and less qualified person.

59. Clark-Kutscher has suffered damages as a result of SSM's unlawful actions.

60. For SSM's unlawful discrimination against Clark-Kutscher, she is entitled to such legal or equitable relief as will effectuate the purposes of the Illinois Human Rights Act, including, back pay, front pay, lost benefits, reinstatement, and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Carol Clark-Kutscher respectfully requests that the Court enter judgment in her favor and award to her the following relief.

A. Judgment against Defendant SSM Health for economic damages, compensatory damages, liquidated damages, and punitive damages in amounts to be determined at trial;

B. Pre-judgment interest;

C. Employment, reinstatement, promotion, or other equitable relief;

D. Economic damages including front and back pay;

E. Compensatory damages;

F. Interest due on unpaid wages;

G. A reasonable attorneys' fee and the costs of this action, and;

H. Any other relief this Honorable Court deems just and proper to award.

## JURY DEMAND

Plaintiff demands a jury for all issues to be so tried.

Respectfully submitted,

*/s/ Scott Oswald*
R. Scott Oswald
John T. Harrington
The Employment Law Group, P.C.
1717 K Street, NW, Suite 1110
Washington, D.C. 20006
(202) 261-2830
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
tharrington@employmentlawgroup.com
*Counsel for Plaintiff*